**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ramon Ordonez, | No. CV 10-2731-PHX-RCB (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, | |
| Defendant. | |

On December 17, 2010, Plaintiff Ramon Ordonez, who is confined in the Maricopa County Durango Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a December 27, 2010 Order, the Court denied the deficient Application to Proceed and gave Plaintiff 30 days to either pay the filing fee or file a complete Application to Proceed *In Forma Pauperis*.

On January 11, 2011, Plaintiff filed a second Application to Proceed *In Forma Pauperis*. In a January 20, 2011 Order, the Court granted the second Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On January 26, 2011, Plaintiff filed his First Amended Complaint (Doc. 10). The Court will dismiss the First Amended Complaint with leave to amend.

. . . .

. . . .

**JDDL-K**

## I.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's First Amended Complaint will be dismissed for failure to state a claim, with leave to amend because the First Amended Complaint may possibly be saved by amendment.

## II.   First Amended Complaint

In his one-count First Amended Complaint, Plaintiff sues Defendant Maricopa County Sheriff Joseph M. Arpaio, alleging that he was subjected to unconstitutional conditions of confinement in violation of the Fourteenth Amendment. He claims that, "[d]ue to poor training that [Defendant] Arpaio gives to his officers," a transportation officer applied handcuffs too tightly, causing Plaintiff's hands to swell, turn blue, and hurt. In his Request for Relief, Plaintiff seeks monetary damages.

## III.   Failure to State a Claim

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id.

To state a Fourteenth Amendment claim based on a failure to train, a plaintiff must allege facts to support that the alleged failure amounted to deliberate indifference. Canell v. Lightner, 143 F.3d 1210, 1213 (9th Cir. 1998). A plaintiff must allege facts to support that not only was particular training inadequate, but also that such inadequacy was the result of "a 'deliberate' or 'conscious' choice" on the part of the defendant. Id. at 1213-14; see Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002) (a plaintiff must allege facts to support

1 that "in light of the duties assigned to specific officers or employees, the need for more or
2 different training is [so] obvious, and the inadequacy so likely to result in violations of
3 constitutional rights, that the policy[]makers . . . can reasonably be said to have been
4 deliberately indifferent to the need." (quoting City of Canton v. Harris, 489 U.S. 378, 390
5 (1989))).

6     Plaintiff's vague and conclusory allegation that Defendant Arpaio provided "poor
7 training" is insufficient to state a claim against Defendant Arpaio. Thus, the Court will
8 dismiss Defendant Arpaio and the First Amended Complaint.

9 **IV.  Leave to Amend**

10     For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for
11 failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may
12 submit a second amended complaint to cure the deficiencies outlined above. The Clerk of
13 Court will mail Plaintiff a court-approved form to use for filing a second amended complaint.
14 If Plaintiff fails to use the court-approved form, the Court may strike the second amended
15 complaint and dismiss this action without further notice to Plaintiff.

16     Plaintiff must clearly designate on the face of the document that it is the "Second
17 Amended Complaint." The second amended complaint must be retyped or rewritten in its
18 entirety on the court-approved form and may not incorporate any part of the original
19 Complaint or First Amended Complaint by reference. Plaintiff may include only one claim
20 per count.

21     A second amended complaint supersedes the original Complaint and First Amended
22 Complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v.
23 Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will
24 treat the original Complaint and First Amended Complaint as nonexistent. Ferdik, 963 F.2d
25 at 1262. Any cause of action that was raised in the original Complaint or First Amended
26 complaint is waived if it is not raised in a second amended complaint. King v. Atiyeh, 814
27 F.2d 565, 567 (9th Cir. 1987).

28 . . . .

JDDL-K

- 4 -

**V.     Warnings**

    **A.     Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

    **B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **C.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **D.     Possible "Strike"**

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

    **E.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at

1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The First Amended Complaint (Doc. 10) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2) If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(3) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 27th day of January, 2011.

_____
Robert C. Broomfield
Senior United States District Judge

- 6 -