**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ramon Ordonez,<br><br>    Plaintiff,<br><br>vs.<br><br>Joseph M. Arpaio,<br><br>    Defendant. | No. CV 10-2731-PHX-RCB (LOA)<br><br>**ORDER** |

On December 17, 2010, Plaintiff Ramon Ordonez, who is confined in the Maricopa County Durango Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a December 27, 2010 Order, the Court denied the deficient Application to Proceed and gave Plaintiff 30 days to either pay the filing fee or file a complete Application to Proceed *In Forma Pauperis*.

On January 11, 2011, Plaintiff filed a second Application to Proceed *In Forma Pauperis*. In a January 20, 2011 Order, the Court granted the second Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On January 26, 2011, Plaintiff filed a First Amended Complaint. In a January 27, 2011 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

1    On February 16, 2011, Plaintiff filed a Second Amended Complaint (Doc. 12). In a
2 February 23, 2011 Order, the Court noted that Plaintiff's Second Amended Complaint was
3 unsigned and gave Plaintiff 30 days to submit a completed and signed Certificate, certifying
4 that Plaintiff's signature on the Certificate would serve as an original signature on his Second
5 Amended Complaint for the purposes of Rule 3.4(a) of the Local Rules of Civil Procedure
6 and Rule 11 of the Federal Rules of Civil Procedure.
7    On March 8, 2011, Plaintiff filed the Certificate (Doc. 14). The Court will dismiss
8 the Second Amended Complaint and this action.

9 **I.    Statutory Screening of Prisoner Complaints**

10    The Court is required to screen complaints brought by prisoners seeking relief against
11 a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.
12 § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised
13 claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
14 be granted, or that seek monetary relief from a defendant who is immune from such relief.
15 28 U.S.C. § 1915A(b)(1), (2).

16    A pleading must contain a "short and plain statement of the claim *showing* that the
17 pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not
18 demand detailed factual allegations, "it demands more than an unadorned, the-defendant-
19 unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).
20 "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
21 statements, do not suffice." Id.

22    "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
23 claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly,
24 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content
25 that allows the court to draw the reasonable inference that the defendant is liable for the
26 misconduct alleged." Id. "Determining whether a complaint states a plausible claim for
27 relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
28 experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual

1 allegations may be consistent with a constitutional claim, a court must assess whether there
2 are other "more likely explanations" for a defendant's conduct. Id. at 1951.

3 But as the United States Court of Appeals for the Ninth Circuit has instructed, courts
4 must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th
5 Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards
6 than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89,
7 94 (2007) (*per curiam*)).

## II.  Second Amended Complaint

9 To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific
10 injury as a result of specific conduct of a defendant and show an affirmative link between the
11 injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377
12 (1976). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's
13 position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights
14 does not impose liability. Monell v. New York City Department of Social Services, 436 U.S.
15 658, 691-92 (1978); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List,
16 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to Bivens
17 and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the
18 official's own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948.

19 In his one-count Second Amended Complaint, Plaintiff sues Defendant Maricopa
20 County Sheriff Joseph M. Arpaio. But, as was the case with Plaintiff's original Complaint,
21 Plaintiff does not alleged that Defendant Arpaio personally participated in a deprivation of
22 Plaintiff's constitutional rights, was aware of a deprivation and failed to act, or formed
23 policies that resulted in Plaintiff's injuries. Other than listing Defendant Arpaio as a
24 defendant, Plaintiff makes no mention of Defendant Arpaio at all. Thus, the Court will
25 dismiss Defendant Arpaio and the Second Amended Complaint.

## III.  Dismissal without Leave to Amend

27 Because Plaintiff has failed to state a claim in his Second Amended Complaint, the
28 Court will dismiss his Second Amended Complaint. "Leave to amend need not be given if

- 3 -

1  a complaint, as amended, is subject to dismissal." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. Moore, 885 F.2d at 538.

Plaintiff has made three efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1) Plaintiff's Second Amended Complaint (Doc. 12) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(2) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(3) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 17th day of March, 2011.

_____
Robert C. Broomfield
Senior United States District Judge